THE HONORABLE JOHN C. COUGHENOUR

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

MUSSIE E. WELDEYOHANNES,

    Plaintiff,

v.

STATE OF WASHINGTON, *et al.*,

    Defendants.

CASE NO. C23-5526-JCC-BAT

ORDER

This matter comes before the Court on the Report and Recommendation ("R&R") (Dkt. No. 37) of the Honorable Brian A. Tsuchida, United States Magistrate Judge, and Defendants' objections (Dkt. No. 38). Having thoroughly considered the R&R, the objections, Defendants' underlying summary judgment motion (Dkt. No. 29), and related briefing, the Court DECLINES to adopt the R&R and GRANTS the summary judgment motion for the reasons explained herein.

## I.  BACKGROUND

The R&R discusses the factual background of this case in detail. (*See* Dkt. No. 37 at 1–5.) To summarize, Plaintiff filed a *pro se* prisoner civil rights complaint (Dkt. No. 10.)[1] He is disabled and relies on a wheelchair for mobility. (*See id.* at 6.) In the complaint, he alleges that

---

[1] Because Plaintiff is proceeding *pro se*, this Court must interpret his complaint liberally. *See Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003).

Washington Corrections Center ("WCC") personnel failed to reasonably accommodate his disability and used excessive force while transferring Plaintiff between Department of Corrections' ("DOC") facilities. (*See generally id.*). The complaint asserts Americans with Disability Act ("ADA") and Rehabilitation Act ("RA") claims against WCC and DOC as *respondeat superior* along with 42 U.S.C. § 1983 claims against several WCC employees. (*Id.* at 10–28.) Defendants moved for summary judgment. (Dkt. No. 29.) They argued Plaintiff fails to state a claim for intentional discrimination or establish genuine issues of material fact regarding the Eighth Amendment violations; moreover, Plaintiff cannot overcome the individual Defendants' qualified immunity. (*See id.* at 5–12.)

Judge Tsuchida issued an R&R recommending that the Court deny summary judgment on all claims except a § 1983 claim based on an Eighth Amendment medical care violation as to Defendant John Lee, a WCC sergeant. (*See generally* Dkt. No. 37.) For the remaining claims, Judge Tsuchida found that Plaintiff presented genuine issues of fact for each, thereby precluding summary judgment. (*Id.*) In objecting, Defendants contend Plaintiff did not present evidence of deliberate indifference, thereby failing to establish a genuine issue of fact. (*See generally* Dkt. No. 38.) Defendants further contend, at least with respect to the § 1983 claims, that Plaintiff cannot defeat qualified immunity. For this reason, Defendants renew their request for summary judgment. (*Id.*)

## II.   DISCUSSION

### A.   Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making such a determination, the Court must view the facts and justifiable inferences to be drawn in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made and supported, the opposing party "must come forward with 'specific facts showing that there is

a *genuine issue for trial.*'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis in original) (quoting Fed. R. Civ. P. 56(e)).[2] Ultimately, summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). This Court reviews the record *de novo* when considering objections to a magistrate judge's R&R. *See* 28 U.S.C. § 636(b)(1).

### B. ADA and RA Claims

Title II of the ADA and § 504 of the RA prohibit disability-based discrimination. *See Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002); *see also Armstrong v. Schwarzenegger*, 622 F.3d 1058, 1063 (9th Cir. 2010) (confirming their application to state prisons). The elements for each are similar. *Compare Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002) (describing elements of an ADA claim), *with Lovell*, 303 F.3d at 1052 (describing elements of an RA claim). At a minimum, though, they require that a plaintiff allege and support some form of discrimination based on a disability. *Updike v. Multnomah Cnty.*, 870 F.3d 939, 950 (9th Cir. 2017). This can take the form of deliberate indifference, as is alleged here. *Id.* Plaintiff suggests the individual defendants knew he could not self-ambulate (thereby requiring a special transport vehicle), but nonetheless required him to do so and, when he refused, carried him into the vehicle, causing pain and suffering. (*See generally* Dkt. No. 10.) The R&R found this to be sufficient to state a claim for an ADA and/or RA violation.

There is a fundamental flaw in this reasoning: the failure to engage with the source of the alleged violation—DOC's erroneous coding of Plaintiff's transportation status (T-5 vs. T-1), which the individual defendants then relied on. (*See* Dkt. No. 30 at 2.) While Defendant

---

[2] Material facts are those that may affect the outcome of the case, and a dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248–49. Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888–89 (1990).

presented in a wheelchair, this does not mean he would be unable to self-ambulate for a short distance. (*See* Dkt. No. 31 at 3.) Concluding otherwise, regardless of Plaintiff's pleas at the time, is not tantamount to deliberate indifference, when viewed against undisputed evidence of the transport coding error. *See generally Updike*, 870 F.3d at 954.[3]

In opposing Defendants' motion for summary judgment, Plaintiff presented no evidence that a T-5 code (designating Plaintiff as requiring special transport) had been entered into the system and *viewable* to the individual defendants on the day in question—only that it *should* have been. (*See generally* Dkt. No. 29.) By contrast, Defendants presented evidence that a T-1 code, indicating that Plaintiff could self-ambulate, was the only code so viewable. (*See* Dkt. No. 30 at 2.) And even if this was error, as Plaintiff's evidence suggests, (*see* Dkt. No. 10 at 35), he presents no evidence that the individual defendants were aware of it. While Plaintiff, in his declaration, speculates they should have been, (*see* Dkt. No. 34 at 2–8), this is insufficient to withstand summary judgment. *See Martin v. Pierce Cnty.*, 2024 WL 776000, slip op. at 6 (W.D. Wash. 2024) (citing *Nigro v. Sears, Roebuck and Co.*, 784 F.3d 495, 497 (9th Cir. 2015)).

Accordingly, the Court SUSTAINS Defendants' objections and DECLINES to adopt the R&R's recommendation that summary judgment be denied on Plaintiff's ADA/RA deliberate indifference claims.

**C.  § 1983 Claims**

Plaintiff presents two § 1983 claims against the individual defendants, both based on Eighth Amendment violations: deliberate indifference and excessive force. (*See* Dkt. No. 10 at

---

[3] "[A] failure to act must be a result of conduct that is more than negligent [it] involves an element of deliberateness." *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1139 (9th Cir. 2001); *see, e.g.*, *Elie v. Los Angeles Unified Sch. Dist.*, 2021 WL 4706977, slip op. at 6 (C.D. Cal. 2021) (failure to provide counseling due to inability to effectively communicate and coordinate was negligence—not deliberate indifference) (citing *Updike*, 870 F.3d at 951); *Palacios v. Cnty. of San Diego*, 2020 WL 4201686, slip op. at 14 (S.D. Cal. 2020) (failure to designate detainee for suicide watch, despite prior incident, was tantamount to negligence and not deliberate indifference) (citing *Updike*, 870 F.3d at 951).

15–28.) The first must be disposed of on the same basis as the ADA/RA claims. *See supra* Section II.B. As to the second, Plaintiff asserts that by shackling him for transport and carrying him on and off the vehicle in that state, Defendants subjected Plaintiff to cruel and unusual punishment. (*See* Dkt. No. 10 at 15–24.)

      Qualified immunity attaches to a correctional personnel's official acts. *See Hamby v. Hammond*, 821 F.3d 1085, 1090 (9th Cir. 2016). According to the doctrine, individuals are immune from § 1983 liability unless their conduct amounted to a "deprivation of a constitutional or statutory right . . . that was clearly established at the time of the alleged misconduct." *Id.* (internal citations omitted). This "right must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Id.* (internal citations omitted). "Although a plaintiff need not find 'a case directly on point . . . existing precedent must have placed the . . . constitutional question *beyond debate*.'" *Id.* (emphasis added) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)). Judge Tsuchida found that the record was too unclear as to what happened and who knew what on the day at issue. (*See* Dkt. No. 37 at 28–29.)

      But viewing the evidence in the light most favorable to Plaintiff and drawing all inferences in his favor, as this Court must, *see Matsushita Elec. Indus. Co.*, 475 U.S. at 585, some facts are undisputed—and they are determinative. Plaintiff was previously assessed by DOC medical personnel as to require special transport, *e.g.*, a T-5 category. (*See* Dkt. No. 10 at 35.) At the time of transport, he pointed this out to WCC personnel and explained that he had medical and health issues requiring an accommodation. (*See* Dkt. No. 34 at 4–5.) He also presented in a wheelchair. (*Id.*) But the records available at the time did not contain this information. (*See* Dkt. No. 10 at 35.) As such, the individual defendants surmised that Plaintiff could self-ambulate up a few steps, which is common for individuals who otherwise require use of a wheelchair. (*See* Dkt. Nos. 30 at 2, 31 at 3.) While they were ultimately mistaken, this is not the standard for an Eighth Amendment violation. *See Foster v. Runnels*, 554 F.3d 807, 814 (9th Cir. 2009) (prison official must be "aware of a risk" and "deliberately disregard" it). And to the

extent the experience was unduly painful, as Plaintiff contends, he directs the Court to no lasting injury from this experience. (*See generally* Dkt. No. 10.)

To establish the violation of a clearly established right, Plaintiff must point the Court to closely analogous caselaw or at least a "'robust consensus of cases of persuasive authority'" that facts as those just described collectively constitute cruel and unusual punishment. *See Hopson v. Alexander*, 71 F.4th 692, 697 (9th Cir. 2023) (quoting *D.C. v. Wesby*, 583 U.S. 48, 63 (2018)). He points to none. (*See generally* Dkt. Nos. 33, 39.) Nor could the Court independently locate any. Therefore, the Court finds that Plaintiff's right to be free from cruel and unusual punishment, as presented to the Court in this context, is not clearly established.

Accordingly, the Court SUSTAINS Defendants' objections and DECLINES to adopt the R&R's recommendation that summary judgment on Plaintiff's § 1983 claims be denied.

**III.   CONCLUSION**

For the foregoing reasons, the Court hereby finds and ORDERS:

(1) Defendants' objections to the R&R (Dkt. No. 38) are SUSTAINED.

(2) The Court DECLINES to adopt the R&R (Dkt. No. 37).

(3) Defendants' motion for summary judgment (Dkt. No. 29) is GRANTED. Plaintiff's claims are DISMISSED with prejudice.

(4) The Clerk is directed to send copies of this Order to Plaintiff and to Judge Tsuchida.

DATED this 4th day of June 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE